Per Curiam.

A majority of the Court are of opinion that the admission of the mortgage deed mentioned in the report, as evidence to prove the acceptance of the looms by Southwick, was incorrect, and for that cause only there must be a new trial. The making of a mortgage by Southwick, it being dated before the actual delivery to him of all the looms, is considered only as his declaration, and does not amount to proof of a fact tending to show an acceptance.
There was sufficient legal evidence for the jury to find Dry den’s assent to the delay of the delivery; and the instruction on that point was right; as also on the effect of the bill of parcels to Davis.[1]
The Court are also of opinion that the levy of executions on the looms to satisfy debts of Flagg, does not impair his right to full damages for the breach of contract, because the property being in Southwick, he may have his action of trespass against the officer, and the officer his suit for indemnity against the *59 creditors, if they agreed to indemnify him ; and they will have a right to scire facias against Flagg for new executions upon their judgments.

 Between the vendor and the vendee, the mere sale, with the payment of the price, is sufficient to vest the property. Gardner v. Howland, 8 Pick. (2nd ea.) 602, and note 2; Shumway v. Rutter, post, 56. See also as to the sale of unSnished articles, 2 Kent, (3d ed.) 503, and note (g).